IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

WALLACE TWITTY,

    Plaintiff,

vs.                                                      CASE NO.: 4:07cv107-SPM/WCS

JOHN E. POTTER, UNITED STATES
POSTMASTER GENERAL,

    Defendant.
_____/

**ORDER GRANTING MOTION TO DISMISS
AND ALTERNATIVE MOTION FOR SUMMARY JUDGMENT**

This cause comes before the Court on the motion to dismiss or alternatively for summary judgment filed by Defendant John E. Potter, United States Postmaster General.  Doc. 33.  Two issues are presented.  The first is whether Plaintiff's failure to exhaust administrative remedies should be equitably excused.  The second is whether Plaintiff's claims are precluded by the results of the binding union arbitration.

    **I.**    **UNDISPUTED FACTS**

Plaintiff Wallace Twitty was a Mail Processing Clerk employed by the United States Postal Service at the Processing and Distribution Facility in Tallahassee, Florida.  He was removed from his position effective January 31,

2006, for submitting a workers' compensation claim that contained a false statement that his second level supervisor, Alan Scott, pushed him on the right shoulder.  Plaintiff is suing the Postal Service and alleges that he was removed from his position in retaliation for complaints he made of employment discrimination in 2004 and 2005.

The incident between Plaintiff and Scott occurred on the night of October 12, 2005.  At that time, Plaintiff's first level supervisor, Willie Hightower, had been yelling at Plaintiff.  To defuse the situation and give Hightower time to calm down, Plaintiff left his workstation and went to the restroom.  Hightower complained to Scott about Plaintiff leaving his workstation.

As Plaintiff came out from the restroom, Scott asked to speak to Plaintiff.  According to Plaintiff, Scott pushed Plaintiff on his right shoulder and told him to get back to work.  Scott then apologized to Plaintiff and walked away.

Later that night, Plaintiff telephoned the Postal Inspection Service to report that he was being harassed by Hightower.  After making the report, Plaintiff submitted a leave slip requesting administrative leave for the approximately five hours remaining on his regularly scheduled work shift.

On October 19, 2005, Plaintiff submitted a workers compensation claim[1] alleging that when Scott pushed him he suffered an aggravation of a previous

---

[1] U.S. Department of labor Form CA-A, Federal Employee's Notice of Traumatic Injury and Claim for Continuation of Pay/Compensation

shoulder injury, which had been surgically repaired in March 2005.  Plaintiff also filed a union grievance about the incident with Scott.  The union pursued the grievance and demanded that Plaintiff be made whole for all lost wages and benefits, that Plaintiff be paid for the five hours of administrative leave that he took on October 12, 2005, and that Scott and all others be instructed to cease and desists from placing their hands on employees, especially Plaintiff.

The union grievance was denied on December 31, 2005, by John Williams, the Supervisor of Distribution Operations at the facility.  Plaintiff and the union decided to pursue the grievance through higher steps and ultimately to binding arbitration in accordance with provisions of the union contract.

In the meantime, on December 16, 2005, Plaintiff was sent by mail a "Notice of Proposed Removal" from Williams.  The removal was to take effect no earlier than thirty days from the date Plaintiff received the notice.  The basis of the proposed removal was "Improper Conduct" in that the Postal Service determined that Scott did not push Plaintiff and that Plaintiff's statement in his workers compensation claim was false.

Plaintiff called the EEO office in Jacksonville to challenge the proposed removal.  He requested and received forms to fill out.  He submitted the forms.  Several weeks passed.  By letter dated January 11, 2006, Plaintiff was advised that his issue was premature because his removal was still in the proposal stage and he had not been harmed.  The letter advised, "Once the letter of decision is

rendered, if you file a complaint and then go to the formal complaint stage, the issue could be accepted for investigation because once the removal is effective, you can show harm." Doc. 43-2 at 1.

On January 26, 2006, Plaintiff was sent a "Letter of Decision" by Gerald Johnson, the Plant Manager. The letter advised Plaintiff that he would in fact be removed from his position effective January 31, 2006. The letter advised Plaintiff of his appeal rights and options with the MSPB and the EEO administrative process. Plaintiff did not make contact with the EEO office in the 45 days thereafter.

Plaintiff's union grievance proceeded to binding arbitration on September 7, 2006. The focus of the grievance had shifted by that time to the propriety of Plaintiff's removal. In a decision issued on September 28, 2006, the arbitrator concluded that "[t]he Postal Service had just cause to terminate [Plaintiff]." Doc. 34-3 at 1. The grievance was therefore denied.

On October 16, 2006, Plaintiff contacted the EEO office. He advised that the arbitration proceeding had concluded and that he was filing his EEO complaint. He asked to be reinstated and that he not be supervised by Gerald Johnson or Alan Scott. He also asked for back pay and benefits since the notice of proposed removal.

On November 9, 2006, the Postal Service sent Plaintiff a Notice of Final Interview advising Plaintiff that his complaint could be dismissed as untimely. He

was also advised that residual action relating to an arbitration decision may not be considered an adverse management action.

On November 11, 2006, Plaintiff filed a formal EEO complaint. Plaintiff claimed that Gerald Johnson, Alan Scott, John Williams, and Willie Hightower discriminated against him on the basis of disability and retaliated against him for his prior EEO cases, workers compensation claims, and family medical leave. Plaintiff requested punitive damages and payment of attorney fees.

On December 13, 2006, the Postal Service issued a decision dismissing Plaintiff's formal EEO complaint. The decision explained that Plaintiff's complaint was deemed an improper collateral attack on an arbitration decision, which was part of the grievance process and not the EEO process. The decision also stated that Plaintiff's complaint was not timely because he did not seek EEO counseling within the 45-day period after his removal in January, 2006.

Plaintiff filed this lawsuit on March 14, 2007, under Title VII of the Civil Rights Act of 1964 as amended (42 U.S.C. § 2000e, et seq., and 42 U.S.C. § 1981a). He alleges that he was removed from his position in retaliation for complaints he made of employment discrimination in 2004 and 2005.

## II.     FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

The Postal Service argues that Plaintiff's claims should be dismissed for failure to exhaust administrative remedies. In response, Plaintiff argues that the Postal Service should be estopped from raising the issue because his first EEO

complaint had been rejected, thereby leading Plaintiff to proceed with the arbitration proceeding and to postpone his administrative process until after his removal was upheld by the arbitrator in September 2006.  For the following reasons, the Court finds that Plaintiff failed to exhaust his administrative remedies and that the circumstances do not warrant equitable relief.

A federal employee filing a claim for unlawful employment practices in district court must first seek relief from the agency where the unlawful acts were perpetrated.  Grier v. Secretary of the Army, 799 F.2d 721, 724 (11th Cir. 1986).  This is a condition precedent to filing suit and "'is part and parcel of the congressional design to vest in the federal agencies and officials engaged in hiring and promoting personnel 'primary responsibility' for maintaining nondiscrimination in employment.'"  Id. (quoting Kizas v. Webster, 707 F.2d 524, 544 (D.C. Cir. 1983).  In accordance with the congressional design, the EEOC adopted regulations for federal employees to present their claims to the agency.  See 29 C.F.R. § 1614.101 et seq.

These regulations require a federal employee with a discrimination complaint to contact an EEO counselor from the employing agency within 45 days of the "effective date" of the challenged action, in an effort to resolve the complaint informally.  29 C.F.R. § 1614.105(a).  If informal attempts at resolution are unsuccessful, at the final counseling session the EEO counselor notifies the employee of the right to file a formal complaint with the agency.  29 C.F.R.

1614.105(d). Thereafter, the complaint can proceed through various stages, including agency investigation (29 C.F.R. § 1614.107), an appeal before an EEOC administrative judge (29 C.F.R. § 1614.109(c)), and a final agency decision (29 C.F.R. § 1614.109(c)). Timely contact with an EEO counselor and the filing of a formal complaint are the first steps to initiate the administrative process.

Unlawful employment practices occurring more than 45 days before contacting an EEO counselor are generally time-barred for failure to exhaust administrative remedies. Brown v. Snow, 440 F.3d 1259-1264-65 (11th Cir. 2006). The requirement of timely contact is similar to a statute of limitations and thus subject to waiver, estoppel, and equitable tolling. Zipes v. Trans World Airlines Inc., 455 U.S. 385, 393 (1982). A resulting failure to exhaust administrative remedies can be excused if the plaintiff can show a good faith effort to comply with regulations coupled with detrimental reliance on false information from the defendant. See Justice v. United States, 6 F.3d 1474, 1479, (11th Cir. 1993); Miller v. Potter, No. 05-15897, 198 Fed. Appx. 794, 796, 2006 WL 2167898, at *2 (11th Cir. Aug. 3, 2006). It is an extraordinary remedy that requires more than a showing of due diligence by a plaintiff. Justice, 6 F.3d at 1479. Relief is granted "sparingly" and it is appropriate in situations where a "claimant has been induced or tricked by his adversary's misconduct." Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1991).

CASE NO.: 4:07cv107-SPM/WCS

In this case, there was no trickery or misconduct involved with the EEO counselor's handling of Plaintiff's first complaint challenging his removal. At the time, Plaintiff's removal had not become effective–it was only proposed. Unlike the later-issued Letter of Decision, the Notice of Proposed Removal did not contain a statement to advise Plaintiff of his rights to appeal the decision to the MSPB or to file an EEO complaint. Instead, Plaintiff was advised in the Notice of Proposed Removal that he had the opportunity to answer to the proposed removal, in writing or in person, and furnish affidavits or other materials to support his position. Doc. 34-4 at 4. Thus Plaintiff had a means available to raise his concerns before the removal became effective and perhaps resolve the issue. The EEO counselor advised Plaintiff in the letter rejecting his first complaint, "Once the letter of decision is rendered, if you file a complaint and then go to the formal complaint stage, the issue could be accepted for investigation because once the removal is effective, you can show harm." Doc. 43-2 at 1.

Plaintiff makes no argument that the EEO counselor's rejection of his first complaint violated any regulation or statute. The Court on its own has been unable to find support for the argument. The pertinent regulation, 29 C.F.R. § 1614.105(a)(1), does not speak to the treatment of an EEO complaint that is made before the effective date of a challenged personnel action.

Assuming, however, that it was wrong for the EEO counselor to reject

Plaintiff's first complaint, Plaintiff cannot show detrimental reliance because he was not harmed by it. Defective notice alone will not establish detrimental reliance. Miller v. Potter, No. 05-15897, 198 Fed. Appx. 794, 796, 2006 WL 2167898, at *2 (11th Cir. Aug. 3, 2006). A plaintiff must also show a causal connection and specific harm as a result. Id. Plaintiff cannot show either.

The Letter of Decision advised Plaintiff that he would in fact be removed from his position effective January 31, 2006. It also informed Plaintiff of his appeal rights and options with the MSPB and the EEO administrative process. Plaintiff did not make contact with the EEO office in the 45 days thereafter. By that time, however, Plaintiff knew that his first EEO complaint was rejected as premature. He was advised that he could make an EEO complaint once a Letter of Decision was issued. He knew that his removal was effective January 31, 2006.

There is nothing about the rejection of Plaintiff's first EEO complaint that would preclude Plaintiff from pursuing his administrative remedies once the Letter of Decision was issued. Accordingly, Plaintiff cannot establish a causal connection or harm. Plaintiff is not entitled to equitable relief from his failure to exhaust administrative remedies. Defendant's motion for summary judgment will therefore be granted as to this ground.

### III.  BINDING ARBITRATION

Defendant argues, and Plaintiff concedes, that Plaintiff cannot both

arbitrate and litigate his claims.[2]  Plaintiff contends, however, that when his first EEO complaint was rejected, he detrimentally relied on the Postal Service's actions and he was forced to pursue the union grievance as the only option available to him.  Therefore, Plaintiff argues, the Postal Service should be equitably estopped from using the binding arbitration as a bar to this suit.

As explained above, Plaintiff cannot demonstrate that he detrimentally relied on the Postal Service's actions.  Plaintiff was notified that he could pursue an EEO complaint once a Letter of Decision on his removal was issued.  Plaintiff did not do so and chose to pursue only his union grievance.  Equitable estoppel is not warranted under the circumstances of this case.

Based on the foregoing, it is

ORDERED AND ADJUDGED:

1.  Defendant's motion to dismiss or alternatively for summary judgment (doc. 33) is granted.

2.  The clerk shall enter judgment accordingly.

DONE AND ORDERED this 30th day of May, 2008.

*s/ Stephan P. Mickle*
Stephan P. Mickle
United States District Judge

---

[2]  This concession may not be well founded.  See Electrical Workers v. Robbins & Myers, Inc., 429 U.S. 229, 236 (1976) (employee's rights under a collective bargaining agreement and statutory rights under Title VII are legally independent and are equally available).  In any event, summary judgment is appropriate on the basis that Plaintiff failed to exhaust administrative remedies.

CASE NO.: 4:07cv107-SPM/WCS